IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMMAND MANAGEMENT SERVICES, INC.<br>An Oregon Corporation<br><br>        Plaintiff,<br>vs.<br><br>MEHP O'HARE OPERATING, LLC,<br>d/b/a WYNDHAM O'HARE<br><br>        Defendant. | Case No. 07 cv 7017 |
| MEHP O'HARE OPERATING LLC<br>d/b/a WYNDHAM O'HARE<br><br>        Counter-Plaintiff<br>vs.<br><br>COMMAND MANAGEMENT SERVICES, INC., An Oregon Corporation,<br><br>        Counter-Defendant. | |

### PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM

Plaintiff/Counter-Defendant, Command Management Services, Inc. ("Command"), by its undersigned counsel, Angelique Palmer, Andrew H. Eres, Ronald A. Damashek, and Stahl Cowen Crowley Addis LLC, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for its Motion to Dismiss the Counterclaim of Defendant/Counterclaimant, MEHP O'Hare Operating LLC d/b/a Wyndham O'Hare ("Wyndham"), states as follows:

## BACKGROUND

1.  On February 20, 2008, Command filed its First Amended Complaint against Wyndham for Breach of Contract and Conversion arising out of a written contract it entered into with Wyndham. A copy of the First Amended Complaint is attached hereto as Exhibit A.

2.  On March 19, 2008, Wyndham filed its Answer to the First Amended Complaint and its Counterclaim for Breach of Contract and Quantum Meruit. Copies of Wyndham's Answer and Counterclaim are attached hereto as Exhibits B and C, respectively.

3.  As set forth in Command's First Amended Complaint and Wyndham's Answer and Counterclaim, the following facts are undisputed:

- On January 21, 2003 the parties entered into written contract (the "Contract") to provide hotel and conference facilities and services. (See Exhibit A, para. 8; See Exhibit B, para. 8).

- Section 14 of the Contract contains a unilateral termination provision that states, "either party may terminate this agreement at the end of each contract year by furnishing 60 days written notice to the other party". *Id.*

- On January 12, 2004, Command and Radisson entered into a written addendum to the Contract that states:

    > Effective 01 February, 2004, the Contractor [Command] will not be charged for unoccupied rooms or portions of rooms. Contractor will pay the unit price .... for each applicant actually lodged in the hotel. (Exhibit A, para. 9; Exhibit B, para. 9).

- On or about November 8, 2006, Wyndham sent a letter to Command stating, in relevant part:
    > ...please accept this letter as Wyndham O'Hare's 60 day written notice of termination of the MEPS contract. **Under Section 14 of the Subcontract, either party can terminate the relationship** and we feel that it is in our best interest to do so at

this time. (Exhibit A, para. 13; See Exhibit B, para. 13; See Exhibit C, para. 19).

- Command did not reserve or use any rooms or conference services in the month of January, 2007 with Wyndham. (Exhibit A, para. 17; Exhibit B, para. 17).

- On or about February 21, 2007, Wyndham received a check from Command in the amount of $77,307.50 for alleged hotel and conference services for the month of January, 2007. (Exhibit A, para. 15; Exhibit B, para. 15).[1]

4. In its Counterclaim, Wyndham pleads that the alleged understanding between the parties is that January 31st of each year was treated as the end of the annual term of the Contract. (See Exhibit C, para. 6).

5. Per the November 8, 2006 letter sent by Wyndham to Command, Wyndham's written notice of unilateral termination was sent within the 60 day notice period. (See Exhibit E of First Amended Complaint).

6. The Contract was never revived subsequent to Wyndham's unilateral termination. (See Exhibit C, para. 21).

## ARGUMENT

7. The purpose of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the sufficiency of the counterclaim, not to decide the merits of the case. *Bontowski v. First National Bank of Cicero*, 998 F.2d 459, 467 (7th Cir. 1993), cert. denied, 510 U.S. 1012, 114 S. Ct. 602, 126 L. Ed. 2d 567 (1993). To withstand a motion to dismiss a counterclaim must allege facts sufficiently setting forth the essential elements of the cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992), cert. denied, 506 U.S. 893, 113 S. Ct. 267 (1992).

---

[1] While Command admits it inadvertently sent Wyndham a check for $77,307.50, it denies that Wyndham was entitled to said funds or that it provided any services for said funds. Command has demanded that the $77,307.50 be returned to it from Command (See Exhibit A, para. 18).

3

I. **<u>Wyndham does not allege sufficient Facts to set forth a cause of action for breach of contract.</u>**

8. Command restates and realleges paragraphs 1 through 7 as if fully set forth herein.

9. Count I of Wyndham's Counterclaim attempts to plead a cause of action for breach of contract. However, based upon the undisputed facts, Wyndham cannot sufficiently plead a cause of action for breach of contract.

10. Four elements must be plead in order to state a claim for breach of contract: (1) the existence of a contract between the parties; (2) performance of contractual duties by the claimant; (3) breach by the other party; (4) and damages suffered by claimant resulting in the breach. *Derson Groupo, Ltd. v. Right Management Consultants, Inc.*, 683 F. Supp. 1224 (N. D. Ill. 1988).

11. In the case at bar, Count I of the Counterclaim contains mere legal conclusions unsupported by Wyndham's own admissions. While acknowledging the existence of the Contract, Wyndham fails to plead facts to support Command's alleged breach of contract or damages.

12. Specifically, Wyndham alleges Command breached the Contract by failing to provide the requisite notice of termination. However, as admitted above, per the terms of the Contract, the unilateral termination provision clearly states that either party may terminate by furnishing 60 days written notice to the other party. (See Exhibit A, para. 8; See Exhibit B, para. 8). Wyndham admits that it unilaterally terminated the Contract. (See Exhibit A, para. 13; See Exhibit B, para. 13; See Exhibit C, para. 19).

13. Therefore, it was impossible for Command to subsequently breach the notice provision when the Contract had already been timely and unilaterally terminated by Wyndham.

14. Therefore, Wyndham has failed to plead facts to support a breach of contract claim, and Count I of its Counterclaim must be dismissed with prejudice.

WHEREFORE, the Plaintiff/Counter-Defendant, Command Management Services, Inc., respectfully requests that this Court dismiss Count I of the Defendant/Counter-Plaintiff's Counterclaim with prejudice, and for such other relief that this Court deems just and equitable.

## II. Wyndham's claim for quantum meruit is insufficient as a matter of law.

15. Command restates and realleges paragraphs 1 through 7 as if fully set forth herein.

16. Count II of Wyndham's Counterclaim attempts to plead a cause of action for quantum meruit.

17. Quantum Meruit is an equitable remedy not available when a party admits that an express contract exists, and pleads a cause of action for quantum meruit based on the subject matter of the express contract. *Strategic Reimbursement, Inc. v. HCA, Inc.*, 2007 U.S. Dist. LEXIS 57052, at *10 (N. D. Ill. August 2, 2007).

18. In the case at bar, Wyndham admits that an express contract exists and pleads a counterclaim for quantum meruit based on goods and services that are the subject of the express contract. (Exhibit A, para. 8; Exhibit B, para. 8; See Exhibit C,

para(s). 31-34).  Per the Court's holding in *Strategic*, Count II of Wyndham's Counterclaim is therefore not proper and must be dismissed with prejudice.

19. In the alternative, even if all the facts plead are taken in the light most favorable to Wyndham, it fails to state a cause of action for quantum meruit.

20. Quantum meruit is a quasi-contract theory that compensates plaintiffs for acts of unjust enrichment where one party receives services without giving compensation. *Midcoast Aviation, Inc. v. General Elec. Credit Corp.*, 907 F.2d 732, 737 (7th Cir. 1990). The elements of quantum meruit are that: (1) the plaintiff rendered services; (2) the defendant received the benefit of those services; and (3) the defendant's retention of those services without giving compensation in exchange will be unjust. *Id.* at 737.

21. In the instant case, Wyndham admits that: (1) Command did not reserve or use any rooms or conference services in the month of January, 2007 (Exhibit A, para. 17; Exhibit B, para. 17); (2) Command will not be charged for unoccupied rooms (Exhibit A, para. 9; Exhibit B, para. 9); and (3) that Wyndham received a check from Command in the amount of $77,307.50. (Exhibit A, para. 15; Exhibit B, para. 15).

22. Therefore, it is undisputed that Wyndham never provided goods or services for the month of January, 2007, and that Command never received the benefit of any services in January, 2007.

23. Consequently, the uncontested facts simply do not establish any of the required elements of quantum meruit.

24. Therefore, Count II of Wyndham's Counterclaim must be dismissed with prejudice.

WHEREFORE, the Plaintiff/Counter-Defendant, Command Management Services, Inc., respectfully requests that this Court dismiss Count II of the Defendant/Counter-Plaintiff's Counterclaim with prejudice and for such other relief that this Court deems just and equitable.

Respectfully submitted,

COMMAND MANAGEMENT SERVICES, INC.

By: /s/ Angelique Palmer
　　　One of Its Attorneys

Ronald A. Damashek (ARDC # 6183820)
Andrew H. Eres (ARDC #6237032)
Angelique Palmer (ARDC #6282041)
Stahl Cowen Crowley Addis LLC
55 W. Monroe Street, Suite 1200
Chicago, Illinois 60603
Telephone:　(312) 641-0060
Facsimile:　(312) 641-6959