## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07C 7017 | **DATE** | June 5, 2008 |
| **CASE TITLE** | Command Management Serv. v. MEHP O'Hare Operating LLC, d/b/a Wyndham O'Hare | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS in part and DENIES in part Counter-Defendant's Motion to Dismiss the Counterclaim (doc. # 31).

■ [ For further details see text below.]   *Wm. J. Hibbler*   Docketing to mail notices

### STATEMENT

Command Management moves to dismiss MEHP O'Hare's ("Wyndham") breach of contract and quantum meruit counterclaims. The Federal Rules of Civil Procedure require only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the complaint must contain sufficient detail to raise the right to relief beyond the speculative level, a complaint need not plead facts. *Bell Atl. Corp. v. Twombly*, — U.S. —, —, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007); *Erickson v. Pardus*, — U.S. —, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 802-04 (7th Cir. 2008) (warning not to overread *Bell Atl.* and citing *Erickson*). To survive a motion to dismiss, a complaint is not required to plead legal theories, but instead need only "give enough detail to illuminate the nature of the claim and allow defendants to respond." *Johnson v. Lappin*, No. 07-1465, 2008 WL 397575 (7th Cir. Feb. 14, 2008). Further, at the motion to dismiss stage, a court accepts all well-pleaded facts as true. *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).

Command Management Services' Motion to Dismiss is grounded largely upon a faulty understanding of the previously explained rules of civil procedure. Two of the six substantive paragraphs in Command Management's motion state that Wyndham "fails to plead facts." Another suggests that the Court should look to the "undisputed facts" to resolve the motion, though that is a standard for summary judgment and not for a motion to dismiss. Even putting aside Command Management's misstatement and misapplication of the Federal Rules, it employs faulty logic. Command Management asserts that Wyndham "unilaterally terminated" the contract between the parties and therefore it was impossible for Command Management to subsequently breach the contract. Command Management's argument conflates the date on which Wyndham provided notice of its

## STATEMENT

intent to terminate the contract with the date on which that termination became effective. Wyndham pleaded that the contract could only be terminated at the end of a contract year by providing at least 60 days written notice. (Counter Claim ¶¶ 7-9). Wyndham also pleaded that it provided such notice on November 8, 2006 for the contract year that was to end on January 31, 2007. (Counter Claim ¶ 19). Wyndham further pleaded that it intended to fulfill its obligations under that contract until the contract year expired, and that Command Management breached the contract by booking with another hotel during January 2007. (Counter Claim ¶¶ 23, 32). That is more than sufficient to state a breach of contract and Command Management's argument to the contrary is without merit. Command Management's reference to the addendum does not save its motion. Wyndham does not simply allege that Command Management failed to pay it for unused rooms. Instead, Wyndham alleges that Command Management reserved rooms at an alternate hotel, thereby breaching the contract and causing Wyndham damages (lost income in the amount equivalent to the rooms and services Command Management reserved at an alternate hotel). The Court DENIES Command Management's Motion to Dismiss Wyndham's Breach of Contract claim (Count I).

  Command Management next argues that Wyndham cannot press a claim for quantum meruit for services rendered under an express contract. Illinois law prohibits quasi-contractual recovery where services are rendered under an express contract. *See, e.g., Installco, Inc. v. Whiting Corp.*, 336 Ill. App. 3d 776, 791, 784 N.E.2d 312, 318 (2002); *Barry Mogul and Assoc. v. Terrestris Develop. Co.*, 267 Ill. App.3d 742, 750, 643 N.E.2d 245, 251 (1994); *Strategic Reimbursement, Inc. v. HCA, Inc.*, No. 06-C-6501, 2007 WL 2274709, * 4 (N.D. Ill. Aug. 2, 2007). Wyndham misreads *Strategic Reimbursement*, seemingly arguing that the rule in Illinois prohibits only "quasi-contractual" claims based on the same subject matter of an express contract claims and not quantum meruit claims. That, however, is not a correct statement of Illinois law. In its quantum meruit claim, Wyndham seeks reimbursement for goods and services it set aside for Command Management for the month of January 2007. These goods and services provide the same basis for Wyndham's contract claim, that asserts Command Management breached the contract by failing to adhere to the January 31, 2007 termination date. Both the contract claim and the quantum meruit claim incorporate by reference the first 30 paragraphs of the Complaint that provide the factual bases of the claims. The Court therefore GRANTS Command Management's Motion to Dismiss Wyndham's quantum meruit claim (Count II).